

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ELLA MOISAN,                              )     Case No. CV 15-5697 FMO (GJSx)
                                          )
              Plaintiff,                  )
                                          )
       v.                                 )     **ORDER REMANDING ACTION**
                                          )
RITE AID CORPORATION., <u>et</u> <u>al.</u>,  )
                                          )
              Defendants.                 )
                                          )
_____ )

On June 22, 2015, Ella Moisan ("plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against defendants Rite Aid Corporation and Rite Aid Hdqtrs. Corp.[1] (collectively, "defendants"), and Does 1 through 25. (<u>See</u> NOR at 1 & Exhibit ("Exh.") A ("Complaint")).   On July 28, 2015, defendants removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (<u>See</u> NOR at 3).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  <u>See</u> 28 U.S.C. § 1447(c).[2]

**<u>LEGAL STANDARD</u>**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114

_____

[1] Erroneously sued as Rite Aid Headquarters Corporation.  (<u>See</u> Notice of Removal ("NOR") at 1).

[2] Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## **DISCUSSION**

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have diversity jurisdiction over the instant matter.[3]   In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.  Therefore, removal was improper.  See 28 U.S.C. § 1441(a)[4]; Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).  Here, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000.  See 28 U.S.C. § 1332.[5]

Removal at this stage, i.e., on the basis of the "initial pleading," must be ascertainable from an examination of the four corners of the Complaint.  See Harris v. Bankers Life and Casualty

---

[3]  Defendants seek only to invoke the court's diversity jurisdiction.  (See, generally, NOR).

[4]  Title 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[5]  In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

Company, 425 F.3d 689, 694 (9th Cir. 2005) (Notice of removal under the first paragraph of § 1446(b) "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. . . .  If no ground for removal is evident in [the Complaint], the case is 'not removable' at that stage.").  Here, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint does not set forth a specific amount.  (See Complaint, 9 at "Prayer for Relief").

Defendants, however, assert that plaintiff alleges "that at the time of her termination, her total annual compensation package was approximately $110,000[,]" (NOR at 6), and that calculating from the last day of plaintiff's employment to the filing of the NOR, plaintiff's claim for past wages amounts to $50,416.63.  (Id. at 7).  In connection with plaintiff's claims made pursuant to California Labor Code §§ 201 & 203, defendants add $14,453 and $12,692, respectively.  (See id.).

Defendants' calculations are conclusory and unsupported by the Complaint or any evidence.  For example, with respect to past wages, defendants base their calculation of plaintiff's total compensation package, (see NOR at 7), and on an anticipated bonus for which there is no amount or evidence to establish that it was even likely that plaintiff would receive such a bonus.  (See Complaint at ¶ 8)  (plaintiff alleges that her annual base salary was $75,600, and her bonus was "usually" paid out at 10-20% of her base salary and received 401k and health insurance benefits).  Moreover, defendants fail to explain how the value of plaintiff's employment benefits factors into the overall calculation.  (See, generally, NOR at 7).  Even if plaintiff's "total compensation package [of] . . . approximately $110,000 annually" were an appropriate measure, defendants apparently double-counted plaintiff's bonus, including it in its calculation of plaintiff's annual wages – resulting in a total of $50,416.63 in controversy – and in its calculation of penalties under Labor Code §§ 201 and 203 ("[p]laintiff also claims that she was entitled to receive a . . . bonus") – resulting in another $14,453 in controversy.  (See id.).  Further, with respect to the waiting time penalties under Labor Code § 203, defendants appear to inflate the figure by including in its calculation amounts other than plaintiff's wages.  (See id.).  Finally, defendants did not provide any evidence – all of which is in their own possession – from which the court could confirm

the accuracy of the amount they have proffered.  (See, generally, id.).  In short,  defendants' unsubstantiated assertions, untethered to any evidence, cannot satisfy the amount in controversy. See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting its assertion that the amount in controversy exceeds [the statutory threshold].") (internal quotations omitted) (emphasis in original).

Defendants' reliance on plaintiff's prayer for general damages, including for emotional distress damages, (see NOR at ¶ 8), is similarly unpersuasive.  Even if emotional distress damages are potentially recoverable, plaintiff's Complaint  does not allege any specific amount for her emotional distress claims (or as general damages), (see, generally, Complaint at ¶ 25 & Prayer for Relief), and it would therefore be speculative to include these damages in the total amount in controversy.  See Cable v. Merit Life Ins. Co., 2006 WL 1991664, *3 (E.D. Cal. 2006) (Defendant's argument that emotional distress damages exceeded the jurisdictional threshold was insufficient when "[d]efendant provide[d] no reliable basis for determining the amount of emotional distress damages likely to be recovered in this case.").  Further, defendants fail to provide any analogous cases with substantially similar factual scenarios that might guide the court as to the amount of emotional distress damages that might be recovered in this case.  (See, generally, NOR); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1055 (C.D. Cal. 2012) (remanding where defendants "proffer[ed] no evidence that the lawsuits and settlements alleged in the complaint are factually or legally similar to plaintiffs' claims."); Dawson v. Richmond Am. Homes of Nevada, Inc., 2013 WL 1405338, *3 (D. Nev. 2013) (remanding where defendant "offered no facts to demonstrate that the [proffered analogous] suit is factually identical [to plaintiffs' suit.]").

Defendants also contend that plaintiff seeks punitive damages.  (See NOR at 8, citing Complaint at ¶ 25).  Although plaintiff's first cause of action includes a request for punitive damages (see Complaint at ¶ 25), the Prayer for Relief does not include a request for punitive or exemplary damages.  (See, generally, Prayer for Relief).  In any event, while punitive damages

1   may be included in the amount in controversy calculation, see Gibson v. Chrysler Corp., 261 F.3d

2   927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 1104, 122 S.Ct. 903 (2002), plaintiff's vague

3   reference to such damages does not aid defendants.  "[T]he mere possibility of a punitive

4   damages award is insufficient to prove that the amount in controversy requirement has been met."

5   Burk v. Med. Sav. Ins. Co., 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004); accord Geller v. Hai Ngoc

6   Duong, 2010 WL 5089018, *2 (S.D. Cal. 2010); J. Marymount, Inc. v. Bayer Healthcare, LLC,

7   2009 WL 4510126, *4 (N.D. Cal. 2009).  Rather, a defendant "must present evidence that punitive

8   damages will more likely than not exceed the amount needed to increase the amount in

9   controversy to $75,000."  Burk, 348 F.Supp.2d at 1069.  Removing defendants may establish

10   "probable punitive damages, for example, by introducing evidence of jury verdicts in analogous

11   cases."  Id.

12          Here, because defendants have not provided evidence of punitive damages awards in

13   factually similar cases, (see, generally, NOR at 8-10 & Exhs. C-F), inclusion of punitive damages

14   in the amount in controversy would be improper.  See Burk, 348 F.Supp.2d at 1070 (defendant

15   "failed to compare the facts of Plaintiff's case with the facts of other cases where punitive

16   damages have been awarded in excess of the jurisdictional amount"); Killion v. AutoZone Stores

17   Inc., 2011 WL 590292, *2 (C.D. Cal. 2011) ("Defendants cite two cases . . . in which punitive

18   damages were awarded, but make no attempt to analogize or explain how these cases are similar

19   to the instant action. . . .  Simply citing these cases merely illustrate[s] that punitive damages are

20   possible, but in no way shows that it is likely or probable in this case.  Therefore, Defendants'

21   inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and

22   unsupported.").

23          Finally, plaintiff's Complaint also includes a claim for attorney's fees.  (See Prayer for

24   Relief).  "[W]here an underlying statute authorizes an award of attorneys' fees, either with

25   mandatory or discretionary language, such fees may be included in the amount in controversy."

26   Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other

27   grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir.

28   2013).  "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of

1  removal should be considered in calculating the amount in controversy, or whether the calculation

2  should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park,

3  Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental

4  Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed

5  any opinion as to whether expected or projected future attorney fees may properly be considered

6  'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the

7  decisions of the district courts are split on the issue.").  The court is persuaded that "the better

8  view is that attorneys' fees incurred after the date of removal are not properly included because

9  the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire

10  Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690).  Indeed,

11  "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in

12  controversy' at the time of removal." Dukes, 2010 WL 94109 at *2; accord Palomino v. Safeway

13  Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

14        Here, defendants provide no evidence of the amount of attorney's fees that were incurred

15  at the time of removal.  (See, generally, NOR).  Defendants have not shown by a preponderance

16  of the evidence that the inclusion of attorney's fees in the instant case would cause the amount

17  in controversy to reach the $75,000 threshold.  See Walton v. AT & T Mobility, 2011 WL 2784290,

18  *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be

19  considered in the amount in controversy because the defendant "did not provide any factual basis

20  for determining how much attorney's fees have been incurred thus far and will be incurred in the

21  future[, and] [b]ald assertions are simply not enough.").

22        In sum, given that any doubt regarding the existence of subject matter jurisdiction must be

23  resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is

24  not persuaded, under the circumstances here, that defendants have met their burden of proving

25  by a preponderance of the evidence that the amount in controversy meets the jurisdictional

26  threshold.  See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint

27  that more than $75,000 is in controversy, the removing party must prove, by a preponderance of

28  the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt

regarding the right to removal exists, a case should be remanded to state court.") (footnote omitted); Valdez, 372 F.3d at 1118.  Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012.

2.  The Clerk shall send a certified copy of this Order to the state court.

Dated this 20th day of August, 2015.


/s/
Fernando M. Olguin
United States District Judge